IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TINA TOLLIVER                                                                                              PLAINTIFF

V.                              CIVIL ACTION NO. 2:15-CV-02199-MEF

CAROLYN W. COLVIN, Commissioner,
Social Security Administration                                                                    DEFENDANT

## FINAL JUDGMENT

This cause is before the Court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying her claim for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c). The Court, having reviewed the administrative record, the briefs of the parties, the applicable law, and having heard oral argument, finds as follows, to-wit:

Consistent with the Court's ruling from the bench following the parties' oral argument, the decision of the Commissioner of Social Security is reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Concerning the ALJ's treatment of opinion evidence in evaluating Plaintiff's disability claim, the ALJ gave little weight to Dr. Asbury's and Dr. Chambers' medical source opinions, little weight to the opinion of the mental consultative examiner, Dr. Walz, and little weight to any of the remaining opinion evidence. The Eighth Circuit has held that an "ALJ must not substitute his opinions for those of the physician." *Ness v. Sullivan*, 904 F.2d 432, 435 (8th Cir. 2000) ("An administrative law judge may not draw upon his own inferences from medical reports.").

It is acknowledged that an ALJ need not have an opinion from a treating physician or consultative examiner that mirrors the RFC determination, but the ALJ has to have some medical

evidence to draw from, and here it is apparent to the Court that the ALJ has drawn upon his own inferences from medical reports.  Having disregarded the medical source statements from Dr. Asbury and Dr. Chambers, Dr. Walz's consultative examination assessment, and the non-examining state agency medical consultants' opinions, the Court finds the ALJ's determination is flawed and tantamount to "playing doctor," a practice forbidden by law.  *Pates-Fires v. Astrue*, 564 F.3d 935, 947 (8th Cir. 2009), citing *Rohan v. Chater*, 98 F.3d 966 (7th Cir. 1996) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.").  The Court finds remand is necessary because of the ALJ's treatment of the opinion evidence in the decision.

Dr. Walz recommended further intellectual and achievement testing, and the Court directs Plaintiff to undergo the recommended testing.  The ALJ is further directed to reconsider the opinion evidence of Drs. Asbury, Chambers, and Walz.  If the ALJ wishes to discount their medical opinions, the ALJ needs to state specifically the reasons for doing so.  Because the Court is remanding on the issue of the ALJ's treatment of opinion evidence, the Court does not address the other issues raised on appeal.  Accordingly, remand is necessary to allow the ALJ to conduct the recommended testing and to reconsider the treating and examining medical opinion evidence.

IT IS SO ORDERED AND ADJUDGED on this the 28th day of September, 2016.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE